AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1                                          LCT:mjp

# UNITED STATES DISTRICT COURT
## Southern District of Mississippi

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | Case Number: 3:08cr0079DPJ-JCS-002 |
| CANDANCE BROWN | FIRST SUPERSEDING INDICTMENT |
| | USM Number: 09625-043 |
| | Ross R. Barnett, Jr. |
| | 501 S. State Street, Jackson, MS 39201 (601) 948-6640 |
| | Defendant's Attorney: |

*FILED SEP 0 9 2009 — SOUTHERN DISTRICT OF MISSISSIPPI, J. T. NOBLIN CLERK, BY _____ DEPUTY*

**THE DEFENDANT:**

☑ pleaded guilty to count(s)    1(s), 6(s), 12(s) and 15(s)

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Defraud | 11/08/08 | 1(s) |
| 18 U.S.C. § 1028A | Aggravated Identify Theft | 11/08/08 | 6(s) |
| 18 U.S.C. § 1029 | Unauthorized Access Device Fraud | 11/08/08 | 12(s) |
| 18 U.S.C. § 1343 | Scheme to Commit Wire Fraud | 11/08/08 | 15(s) |

The defendant is sentenced as provided in pages 2 through   6   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☑ Count(s)   2-5, 7-11, 13-14, 16-20   ☐ is   ☑ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 27, 2009
Date of Imposition of Judgment

_[signature]_
Signature of Judge

The Honorable Daniel P. Jordan III     U.S. District Court Judge
Name and Title of Judge

9/3/09
Date

DEFENDANT: CANDANCE BROWN
CASE NUMBER: 3:08cr0079DPJ-JCS-002

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

Forty-two (42) months as to Counts 1, 12 and 15, to run concurrently, and a consecutive twenty-four (24) month term as to Count 6, for a total term of imprisonment of 66 months

☒ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that the Bureau of Prisons consider the defendant for drug treatment and recommends the sentence be served at Carswell, Texas, if she is eligible for placement at this facility.

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____  ☐ a.m.  ☐ p.m.  on _____.

  ☐ as notified by the United States Marshal.

☒ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☒ by 11 a.m. on    October 13, 2009.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

DEFENDANT: CANDANCE BROWN
CASE NUMBER:  3:08cr0079DPJ-JCS-002

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

A concurrent 3 year term of supervised release as to Counts 1, 12 and 15, and a concurrent one year term as to Count 6.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, train ing, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreem ent to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal hist ory or characteristics and shall perm it the probation officer to m ake such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: CANDANCE BROWN
CASE NUMBER: 3:08cr0079DPJ-JCS-002

# SPECIAL CONDITIONS OF SUPERVISION

A. The defendant shall submit to random urinalysis testing and shall participate in a substance abuse treatment program if deemed necessary by the U. S. Probation Officer, to include inpatient treatment, if warranted.

B. The defendant shall participate in a mental health counseling program, as directed by the U. S. Probation Officer.

C. The defendant shall submit any requested business or personal financial information to the U. S. Probation Officer and is prohibited from incurring any new debts or opening any additional lines of credit without the prior approval of the U. S. Probation Officer.

D. The defendant shall submit to a search of her person or property conducted in a reasonable manner and at a reasonable time by the U. S. Probation Officer.

DEFENDANT: CANDANCE BROWN
CASE NUMBER: 3:08cr0079DPJ-JCS-002

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $400.00 ($100 per count) | | |

☒ The determination of restitution is deferred ninety (90) days from sentencing. An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses comitted on or after September 13, 1994, but before April 23, 1996.

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
           Sheet 6 — Schedule of Payments

Judgment — Page 6 of 6

DEFENDANT: CANDANCE BROWN
CASE NUMBER: 3:08cr0079DPJ-JCS-002

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A  ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance     ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☑ Payment to begin immediately (may be combined with   ☐ C,   ☑ D, or   ☑ F below); or

C  ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☑ Payment in equal _monthly_ (e.g., weekly, monthly, quarterly) installments of $ _100.00_ over a period of _34 month(s)_ (e.g., months or years), to commence _60 day(s)_ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☑ Special instructions regarding the payment of criminal monetary penalties:

In setting this nominal monthly payment amount, the Court is acknowledging the defendant does not have the present ability to pay restitution in full during the period of supervised release. Prior to discharge from supervised release, the defendant shall make satisfactory arrangements for the payment of any remaining balance of this restitution with both the U. S. Attorney's Office Financial Litigation Unit and the U. S. Probation Office.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the Clerk of Court P. O. Box 23552, Jackson, MS 39225-3552.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

   Case Numbers (including defendant number) and Defendant and Co-Defendant Names, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

   Kimberly Gentry, Docket No. 3:08cr0079DPJ-JCS-001, The Court will withhold ruling on restitution for 90 days from 08/27/2009.
   Latonja Casnel, Docket No. 3:08cr0079DPJ-JCS-003, The Court will withhold ruling on restitution for 90 days from 08/27/2009.
   Jamaal Tyler, Docket No. 3:08cr0079DPJ-JCS-004, The Court will withhold ruling on restitution for 90 days from 08/27/2009.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
   An Agreed Order of Forfeiture to be submitted by the U.S. Attorney's Office.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.